IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ALESSANDRA YOUNG              :

v.                            :   CIVIL ACTION NO. AMD-03-46

JAMES B. DUDLEY, JUDGE        :

## MEMORANDUM

On January 7, 2003, plaintiff, a resident of Columbia, Maryland, sought mandamus relief in this Court, in order to compel a Maryland state court judge to act in accordance with plaintiff's wishes with regard to a child custody dispute.[1] Because she appears to be indigent, plaintiff will be granted leave to file *in forma pauperis*, pursuant to 28 U.S.C. §1915(a).

Plaintiff's allegations of misconduct by the judge involved in her child custody dispute must fail. Judicial officers are immune from liability for judicial acts unless done in the clear absence of all jurisdiction, even if those acts were erroneous or malicious and exceeded authority. *See Stump v. Sparkman*, 435 U.S. 349, 356 (1987); *Chu v. Griffith*, 771 F.2d 79 (4th Cir. 1985). Maryland law provides sufficient due process protection to litigants in domestic and child custody matters, and this Court declines to find that Maryland cannot pursue action against a non-custodial parent who has taken a child without court authorization and who refuses to appear for court proceedings in connection with that action. Furthermore, interference by this Court with plaintiff's domestic and child custody litigation would be against the interests safeguarded by the domestic relations exception to federal jurisdiction. *See **Ankenbrandt v.***

---

[1] Although the complaint is not a model of clarity, it appears that plaintiff has taken at least one of her sons from the home of her ex-husband, to whom custody had been awarded. Plaintiff fears that Judge Dudley is about to have her arrested, due to her failure to appear at court proceedings involving her unauthorized taking of the son, Alexander Fuka.

***Richards***, 504 U.S. 689, 701-05 (1992).[2]

Accordingly, a separate Order shall be entered dismissing the instant complaint, without requiring service of process upon and an answer from the named defendant.

1/9/2003
(Date)

Andre M. Davis
United States District Judge

---

[2] Although the Supreme Court narrowed the scope of the domestic relations exception in ***Ankenbrandt***, *supra*, it confirmed its continuing vitality to divest the federal courts of power to issue orders pertaining to divorce decrees and child custody orders. *Id.*, at 703-05.